UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-22568-GAYLES

JUAN ANTONIO
GUERRERO REGALADO,

     Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER, et al.,

     Respondents.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court on Petitioner Juan Antonio Guerrero Regalado's

*pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). [ECF No. 1].

Petitioner challenges his detention by U.S. Immigration and Customs Enforcement (ICE) at the

Krome Service Processing Center in Miami. *See id.* at 1. Because Petitioner filed a motion to

proceed *in forma pauperis* ("IFP") [ECF No. 3], the screening provisions of 28 U.S.C. § 1915(e)

apply.[1] Under that statute, a court must dismiss a case if "at any time" it determines the action

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the

---

[1] Though the plain language of the statute appears to make its provision applicable only to prisoners, "[t]he screening process under 28 U.S.C. § 1915 applies to non-prisoner pro se litigants who are proceeding in forma pauperis." *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *R. & R. approved*, No. 15-24355-CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016); *see also Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (noting "Congress' over-arching goal in enacting the *in forma pauperis* statute" was "to assure equality of consideration for all litigants" (quotation marks omitted)); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding no error in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.,* which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

reasons explained, the Petition is **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B)(ii).

To state a claim for relief, a pleading must contain three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those requirements are aimed at ensuring that a pleading contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted). Of course, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837.

Because Petitioner seeks habeas corpus relief, the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") also apply. *See* 28 U.S.C. § 2254 Rule 1(b) (noting the "district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254). Under those Rules, Petitioner must "specify all the grounds for relief available" to him and "state the facts supporting each ground." *See id.* § 2254 Rule 2(c)(1)–(2). Because "heightened pleading requirements" apply to habeas corpus petitions, *McFarland v. Scott*, 512 U.S. 849, 856 (1994), "generalized allegations are insufficient in habeas cases," *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014). Further, it is Petitioner's "burden to establish his right to habeas relief." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008).

The Petition does not meet the requirements of Rule 8 or Habeas Rule 2(c). Petitioner lists four grounds for his challenge and asks the Court to order Respondents to explain why he should not be released from custody immediately. *See id.* at 6–7. But while Petitioner's grounds include the legal authority and citations that he believes support his request for relief, they do not contain any specific facts about his situation that Respondents could use to respond to Petitioner's challenge. *See id.* Instead, Petitioner relies on a general statement that he is neither a flight risk nor a danger to the community and an implication that his removal will not occur in the "reasonable future." *See id.* at 6. Those general statements are not factually sufficient to give Respondents fair notice of exactly how the listed legal authorities apply to Petitioner specifically. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

For those reasons, the Petition fails to state a claim on which relief may be granted. *See Twombly*, 550 U.S. at 555. It is also legally insufficient under the heightened habeas pleading standards. *See McFarland*, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("If a petition does not set forth a sufficient factual basis for habeas relief, the petition is legally insufficient on its face, and the district court must dismiss it." (quotation marks omitted)). As a result, the Court must dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *cf. id.* § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii). *Cf.* 28 U.S.C. § 2254 Rule 4.

2. Petitioner may file an Amended Petition for Writ of Habeas Corpus that is signed by Petitioner under penalty of perjury and complies with Habeas Rule 2(c) by providing adequate specific facts and applicable law to support the requested grounds for relief, along with any supporting documents or supplements he wishes to submit.

3. Petitioner's Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Long Form) [ECF No. 3] is **DENIED as MOOT**.

4. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.

5. This case is **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

**Juan Antonio Guerrero Regalado**
A# 087-622-755
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov